# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHRISTMAS TREE SHOPS, LLC, *et al.*,[1] | Case No. 23-10576 (TMH) |
|     Debtors. | (Jointly Administered) |
| AINSLIE H. VOREL, Individually and on behalf of all others similarly situated, | |
|     Plaintiff,<br>v. | Adv. Proc. No. 25-52122 (TMH) |
| MARC SALKOVITZ and PAMELA SALKOVITZ, | |
|     Defendants. | |
| MARC SALKOVITZ and PAMELA SALKOVITZ, | |
|     Third-Party Plaintiffs,<br>v.<br>HILCO TRADING COMPANY D/B/A HILCO GLOBAL; HILCO MERCHANT RESOURCES, LLC; RESTORE CAPITAL, LLC; and IAN FREDERICKS, | |
|     Third-Party Defendants. | |

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640). The notice address for the Debtors is 64 Leona Drive, Middleboro, Massachusetts 02346.

**MEMORANDUM OPINION REGARDING THIRD-PARTY DEFENDANTS'
MOTION TO DISMISS THIRD-PARTY COMPLAINT**

The third-party defendants have moved to dismiss the third-party complaint brought by defendants/third-party plaintiffs.[2] For the reasons that follow, the court grants the motion and dismisses the third-party complaint without prejudice.

## I.   Background

Christmas Tree Shops ("CTS") and certain of its affiliates filed for bankruptcy in 2023. As part of their efforts to reorganize, the debtors entered into a court-approved agreement with Hilco Merchant Resources, LLC ("HMR") under which HMR would act as a consultant and assist with the closing of several of the debtors' stores.[3] The debtors also entered into a credit agreement with ReStore Capital, LLC ("ReStore"), an affiliate of HMR, under which ReStore received a senior secured, super-priority lien on debtors' assets.[4]

The debtors defaulted on this loan agreement and CTS sent notices advising the plaintiff and other employees that, unless the debtors were able to complete a

---

[2] Mot. Dismiss Adversary Proc. [Adv. D.I. 4].

[3] Final Order (I) Authorizing, on a Final Basis, the Debtors to Assume the Store Closing Agreement, (II) Authorizing and Approving Closing Sales Free and Clear of All Liens, Claims, and Encumbrances, and (III) Granting Related Relief [Bankr. D.I. 201] (Store Closing Order).

[4] Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection to Certain Prepetition Lenders; (III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; and (V) Granting Related Relief [Bankr. D.I. 229].

sale, the stores would liquidate and employees would begin to be discharged one week later.[5] The debtors were unable to complete a sale, and all employees were terminated shortly thereafter.[6]

The plaintiff then brought this action on behalf of herself and similarly situated employees who were employed by CTS in New Jersey and terminated in the above-described circumstances against Marc and Pamela Salkovitz, who served as the executive chairman and CEO of CTS, respectively.[7]  The complaint alleges violations of the Millville Dallas Airmotive Plant Job Loss Notification (WARN)  Act for failing to provide severance pay and to provide the mandatory amount of notice prior to beginning mass layoffs.[8]

The Salkovitzes answered the complaint and brought a third-party complaint impleading HMR; ReStore; Hilco Global, the parent company of HMR and ReStore; and Fredericks, the COO and president of HMR. The third-party complaint alleges that the third-party defendants had the sole authority to control employment decisions.[9] For each third-party defendant, the Salkovitzes bring a claim for contribution to the extent that the Salkovitzes are found liable.[10]

The third-party defendants have filed a motion to dismiss the third-party complaint because no claim for contribution exists for WARN violations under New

---

[5] Am. Complaint 7 [Adv. D.I. 1].
[6] Id. at 8.
[7] Id.
[8] Id. at 11–13.
[9] Am. Answer, Vorel v. Salkovitz, 25-cv-00984-MN (No. 35).
[10] Id. at 18–20.

Jersey law, the third-party complaint is procedurally impermissible under Federal Rule of Procedure 14, the Store Closing Order precludes liability against HMR,[11] and the Salkovitzes failed to allege facts sufficient to state a claim against Hilco Global and Fredericks. Briefing is complete and the court heard oral argument on March 9, 2026.

## II.    Standard of Review

Under Federal Rule of Civil Procedure 12b(6), a party may move for the dismissal of a claim against them for the failure to state a claim. To survive such a motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] In evaluating the sufficiency the complaint, the court must accept all factual allegations as true and draw every favorable inference for the plaintiff.[13] However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or facts that only allow the inference of "the mere possibility of misconduct" are insufficient.[14]

---

[11] In their memorandum of law in support of the motion, the third-party defendants argue that the order precludes these claims against all third-party defendants, see Mem. Supp. Mot. Dismiss Third-Party Compl. 15 [Adv. D.I. 5], but in their reply to the Salkovitzes' response, it is unclear whether they maintain this position for all third-party defendants or for HMR alone, see Third-Party Defs.' Reply in Supp. Mot. Dismiss Third-Party Compl. 10 [Adv. D.I. 14]. While the court does not reach an analysis of this issue, it is not convinced that, if any party is shielded from liability from these claims by the Store Closing Order, this shield would extend to parties other than HMR.
[12] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[13] Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011), as amended (June 6, 2011).
[14] Iqbal, 556 U.S. at 678–79.

### III. Analysis

Under Federal Rule of Civil Procedure 14, a third-party complaint may only be brought by a defendant against a third-party defendant where the third-party defendant may be liable to the defendant/third-party plaintiff.[15] This includes instances where the third-party defendant may owe the defendant indemnification or contribution.[16] Where no such liability exists, the claim must be dismissed.[17]

Here, the complaint only alleges that the third-party defendants are liable to the Salkovitzes for claims for contribution relating to the WARN claims against the Salkovitzes.[18] Claims for contribution, such as these, must be brought under the Joint Tortfeasors Contribution Law (the "JTCL")[19] because the state does not recognize a common law right to contribution.[20]

The JTCL allows for a right of contribution among joint tortfeasors, which it defines as "two or more persons jointly or severally liable in tort for the same injury to person or property."[21] The Salkovitzes argued for the first time at oral argument that the definition is more expansive than the JCTL, read alone, suggests because it

---

[15] Apple Am. Grp., LLC v. GBC Design, Inc., 294 F. Supp. 3d 414, 420 (W.D. Pa. 2018).

[16] United Nat. Ins. Co. v. Indian Harbor Ins. Co., 306 F.R.D. 153, 154–55 (E.D. Pa. 2015).

[17] See Cnty. of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009).

[18] See Am. Answer 18–20, Vorel v. Salkovitz, 25-cv-00984-MN (No. 35). The Salkovitzes argue that they also have a claim for indemnification, but this claim was not brought in the complaint and is not squarely for before the court, so the court offers no opinion as to whether it is allowed under New Jersey law. See Hr'g Tr. 28:9–11 [Adv. D.I. 22].

[19] N.J.S.A. 2A:53A-1, et seq.

[20] Rockaway v. Klockner & Klockner, 811 F. Supp. 1039, 1061 (D.N.J. 1993).

[21] N.J.S.A. 2A:53A-1.

must be "read in connection with the New Jersey contributory negligence act or the contribution for fault act."[22] The court was unable to find reference to acts under these names, but the JCTL is read in tandem with the Comparative Negligence Act,[23] which determines the percentage that must be paid by each tortfeasor.[24] However, this act does not apply where the parties are not joint tortfeasors under the JCTL.[25] The definition, then, presents two elements for joint tortfeasors under the JTCL: (1) they must be jointly or severally liable in tort, and (2) the liability must be for the same injury to person or property.

The parties here have both presented well-supported arguments addressing the first element but have spent considerably less energy addressing the second. At oral arguments, the Salkovitzes explained that "[i]n terms of a damage suffered by person or property, the injury here is the alleged failure to pay what's required under the WARN statute . . . ."[26]  If such alleged failure to pay cannot be classified as an "injury to person or property" under New Jersey law, then a claim for contribution is unavailable to the third-party plaintiffs.[27] In tort contexts, injuries to person or property are distinguished from economic injuries for which liability

---

[22] Hr'g Tr. 16:13–14.

[23] N.J.S.A. § 2A:15-5.1, et seq.

[24] See Glassman v. Friedel, 265 A.3d 84, 95–96 (N.J. 2021).

[25] Ramos v. Browning Ferris Indus. of S. Jersey, Inc., 510 A.2d 1152, 1160–61 (N.J. 1986).

[26] Hr'g Tr. 18:6–8 [Adv. D.I. 22].

[27] See N.J.S.A. 2A:53A-1; see also Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., No. 97-CV-3496 DRD, 2009 WL 5064757, at *5 (D.N.J. Dec. 16, 2009) ("[F]or contribution purposes, the crux of the analysis of whether a claim is grounded in tort or contract must focus on the nature of the injury inflicted and the remedy sought.").

can be more limited.[28] Unlike injuries to personal or property, economic injuries do not involve physical damage.[29]

Where, as here, there is no state case law addressing a question under the WARN Act, "we look to federal WARN Act regulations and case law for guidance in interpreting the New Jersey WARN Act."[30] Courts have repeatedly found that injuries under the federal WARN statute are economic injuries.[31] In a case discussing a similar type of injury, a New Jersey district court ruled that a claim under the New Jersey Wage Payment Act[32] seeking unpaid commissions was not the type of claim under which contribution could be sought under the NJTL because "[t]here [was] no allegation of personal injury by any party."[33] Here, the damage is likewise economic only, with no physical damage to person or property alleged. A claim for contribution is not available under New Jersey law for the claims in this

---

[28] See Trs. of Princeton Univ. v. Tod Williams Billie Tsien Architects, LLP, No. CV1921248ZNQLHG, 2021 WL 9667968, at *5 (D.N.J. Sept. 29, 2021); see generally Dean v. Barrett Homes, Inc., 8 A.3d 766, 771–72 (N.J. 2010) (describing the court's adoption of the "economic loss rule" for strict liability actions, which was subsequently adopted by the legislator in the Products Liability Act).

[29] E. River S.S. Corp. v. Transamerica Delaval, Inc., 476 U.S. 858, 870 (1986) ("[S]ince by definition no person or other property is damaged, the resulting loss is purely economic."); see also Restatement (Third) of Torts: Liab. for Econ. Harm § 2 cmt. a (A.L.I. 2020).

[30] DeRosa v. Accredited Home Lenders, Inc., 22 A.3d 27, 36 (N.J. Super. Ct. App. Div. 2011).

[31] See, e.g., Luczkovich v. Melville Corp., 911 F. Supp. 208, 210 (E.D. Va. 1996) ("A WARN Act injury is an economic injury."); Staudt v. Glastron, Inc., 92 F.3d 312, 315 (5th Cir. 1996).

[32] N.J.S.A. 34:11-4.1, et seq.

[33] Meyers v. Heffernan, No. CIV.A. 12-2434 MLC, 2014 WL 3343803, at *12 (D.N.J. July 8, 2014).

7

complaint. Because this finding is sufficient grounds to dismiss the third-party complaint, the court's inquiry is complete here.

## IV.   Conclusion

The Salkovitzes have not stated a claim against the third-party defendants. The third-party complaint is therefore dismissed without prejudice to the Salkovitzes' ability to seek to amend the third-party complaint under Federal Rule of Bankruptcy Procedure 7015 and Federal Rule of Civil Procedure 15(a)(2).

Dated: March 17, 2026
Wilmington, Delaware

_____
Thomas M. Horan
United States Bankruptcy Judge