**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

AINSLIE H. VOREL, Individually, and on,

                         Plaintiff,

       v.

MARC SALKOVITZ and PAMELA
SALKOVITZ,

   Defendants/Third-Party Plaintiffs,

HILCO TRADING HOLDING COMPANY
d/b/a HILCO GLOBAL; HILCO MERCHANT
RESOURCES, LLC; RESTORE CAPITAL, LLC,
and IAN S. FREDERICKS,

      Third-Party Defendants.

Adv. No. 25-52122-TMH

**DEFENDANTS'/THIRD-PARTY PLAINTIFFS' MOTION
FOR LEAVE TO AMEND THIRD-PARTY COMPLAINT**

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 3

JURISDICTION AND VENUE .......................................................................................... 4

APPLICABLE STANDARD ............................................................................................... 4

ARGUMENT ....................................................................................................................... 5

     I.     Amendment Would Not Be Futile ................................................................ 5

     II.    There Is No Unfair Prejudice to Third-Party Defendants ........................... 6

     III.   There Is No Undue Delay ............................................................................. 8

     IV.   There Is no Bad Faith or Dilatory Motive .................................................... 8

CONCLUSION .................................................................................................................... 9

**TABLE OF AUTHORITIES**

Cases

*1200 Grand St. Condo. Assoc. v. Friedman (In re Tarragon Corp.)*,
  2010 Bankr. LEXIS 3515, *18 (N.J. Bank. 2010)...................................................................... 6

*Adams v. Gould Inc.*,
  739 F.2d 858 (3d Cir. 1984) ........................................................................................... 4, 8

*Adler's Quality Bakery, Inc. v. Gaseteria, Inc.*,
  32 N.J. 55 (1960)............................................................................................................. 5, 6

*Barron v. Helbiz, Inc.*,
  2021 U.S. App. LEXIS 29745, at *9 (2d Cir. Oct. 4, 2021) ............................................. 9

*Coca-Cola Bottling Co. of Elizabethtown, Inc.* v. *Coca-Cola Co.*,
  668 F. Supp. 906 (D. Del. 1987)..................................................................................... 8

*Cornell & Co.* v. *Occupational Safety & Health Rev. Comm'n.*,
  573 F.2d 820 (3d Cir. 1978) ........................................................................................... 8

*Hammond v. Lancaster City Bureau of Police*,
  799 F. App'x 158 (3d Cir. 2020)................................................................................... 4-5

*In re Burlington Motor Carriers, Inc.*,
  1999 WL 1427683, at *9 (D. Del. Dec. 30, 1999) .......................................................... 8

*In re Fleming Cos.*,
  323 B.R. 144 (Bankr. D. Del 2005)................................................................................... 7

*In re Mortg. Lenders Network, USA, Inc.*,
  395 B.R. 871 (Bankr. D. Del. 2008) ............................................................................. 8-9

*In re The IT Grp.*,
  361 B.R. 417 (Bankr. D. Del. 2007)............................................................................ 5, 6, 8

*In re Woodbridge Grp. of Cos.*,
  2021 WL 5774217, at *6 (Bankr. D. Del. Dec. 6, 2021).................................................. 7

*Invensas Corp. v. Renesas Elecs. Corp.*,
  2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013)........................................................... 7

*Long v. Wilson*,
  393 F.3d 390 (3d Cir. 2004) ........................................................................................... 5

*Loreley Financing (Jersey) No. 3. Ltd.* v. *Wells Fargo Securities, LLC*,
  797 F.3d 160 (2d Cir. 2015) ........................................................................................... 9

*Lorenz* v. *CSX Corp.*,

1 F.3d 1406 (3d Cir. 1993) ..................................................................................................8

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
    2017 WL 3021066, at *2 (D. Del. July 14, 2017) ...........................................................5

*Pharm. Sales & Consulting Corp.* v. *J.W.S Delavau Co., Inc.*,
    106 F. Supp. 2d 761 (D.N.J. 2000)..................................................................................5

*Shane v. Fauver*,
    213 F.3d 113 (3d Cir. 2000) ............................................................................................5

## Statutes

28 U.S.C. §§ 157...................................................................................................................4

28 U.S.C. §§ 157(b)..............................................................................................................4

28 U.S.C. §§ 1334.................................................................................................................4

28 U.S.C. §§ 1408.................................................................................................................4

28 U.S.C. §§ 1409.................................................................................................................4

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Federal Rule of Bankruptcy Procedure 7015, Defendants/Third-Party Plaintiffs Marc and Pamela Salkovitz ("Third-Party Plaintiffs" or the "Salkovitzes"), and this Court's Order dated March 17, 2026, respectfully move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the Salkovitzes leave to file an amended third-party complaint in the above-captioned proceeding substantially in the form annexed to the Motion papers.

## PRELIMINARY STATEMENT

1.       The Court's familiarity with the underlying procedural history of this case is assumed. Briefly, after they were sued by Plaintiff Ainslie Vorel ("Vorel") in the United Stated District Court of New Jersey (No. 24-cv-5933) for purported violations of the Millville Dallas Airmotive Plant Loss Job Notification Act (the "NJ WARN Act"), N.J.S.A. § 34:21-1 et seq, Third-Party Plaintiffs filed a Third-Party Complaint against Third-Party Defendants Hilco Merchant Resources, LLC ("HMR"), ReStore Capital, LLC ("ReStore"), Hilco Trading, LLC, named as "Hilco Trading Holding Company d/b/a Hilco Global" ("Hilco Global," and together with the HMR and ReStore, "Lenders"), and Ian S. Fredericks ("Fredericks") (collectively "Third-Party Defendants") on March 12, 2025 (the "Original Complaint").

2.       After the case was transferred to this Court, Third-Party Defendants moved to dismiss the Original Complaint for failure to state a claim. [Adv. D.I. 4] (the "Motion to Dismiss"). On March 17, 2026, the Court granted the Motion to Dismiss without prejudice, and authorized Third-Party Plaintiffs to file a motion for leave to file an amended complaint. [Adv. D.I. 23].

3.       Third-Party Plaintiffs seek leave to file an amended third-party complaint (the "Amended Third-Party Complaint") for the purpose of repleading their claims against Third-

5

Party Defendants.

4.        Because Rule 15(a)(2) of the Federal Rules directs that the Court should "freely give leave" to amend "when justice so requires," and because the Court's Opinion granting dismissal nonetheless noted that it was "not convinced"[1] that Third-Party Defendants (other than, possibly, HMR) were shielded by this Court's Store Closing Order, the Court should grant Third-Party Plaintiffs' Motion.

## JURISDICTION AND VENUE

5.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of New Jersey, dated [DATE].  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Third-Party  Plaintiffs consent to the entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## APPLICABLE STANDARD

6.        Under Rule 15(a)(2) of the Federal Rules, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7015, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see* Fed. R. Bankr. P. 7015. "[U]nder the liberal pleading philosophy of the [F]ederal [R]ules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the plaintiff, or prejudice to the defendant as a result of the delay," and amendment would not be futile.  *Adams v. Gould Inc.*, 739 F.2d 858, 867-68 (3d Cir. 1984); *Hammond v. Lancaster City Bureau of Police*,

---

[1] [Adv. D.I. 23, fn.11]

184473880.1

799 F. App'x 158, 162 (3d Cir. 2020). The burden to establish undue delay, bad faith, prejudice, or futility is on the non-moving party. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *Pharm. Sales & Consulting Corp.* v. *J.W.S Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

7.      As demonstrated herein, the proposed amendment would not be futile, does not prejudice the Third-Party Defendants, and does not evince undue delay, bad faith, or a dilatory motive.

**ARGUMENT**

**I.      Amendment Would Not Be Futile.**

8.      Third-Party Plaintiffs' proposed amendment to its Original Complaint is not futile. An amendment is futile "when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue." *In re The IT Grp.*, 361 B.R. 417, 421 (Bankr. D. Del. 2007). In other words, amending is futile when the amended complaint will not survive a motion to dismiss. *Nespresso USA, Inc*. *v. Ethical Coffee Co. SA*, 2017 WL 3021066, at *2 (D. Del. July 14, 2017); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

9.      The Original Complaint, admittedly, was not sufficiently clear on the point of Third-Party Defendants' liability under the doctrine of implied indemnification under New Jersey law, and focused more heavily on contribution.

10.     In the proposed Amended Third-Party Complaint, however, Third-Party Plaintiffs have clarified their claims under the doctrine of implied indemnification, as recognized over half a century ago by the New Jersey Supreme Court in the seminal case of *Adler's Quality Bakery, Inc. v. Gaseteria, Inc.*, 32 N.J. 55, 79 (1960), which held that "if the [third-party plaintiff] is able to demonstrate that he is free of fault, and that the strict liability imposed by [statute] is merely an imputed or constructive fault, then a showing of another's sole responsibility for the losses will entitle the [third-

7

party plaintiff] to indemnity from the person who actually caused the injuries originally complained of."

11. *Adler's* further quoted the Restatement, Restitution, § 96 (1937) for the "sound rule," which applies under New Jersey law, that "[a] person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability." *Adler's*, 32 N.J. at 80. *See also, 1200 Grand St. Condo. Assoc. v. Friedman (In re Tarragon Corp.)*, 2010 Bankr. LEXIS 3515, *18 (N.J. Bank. 2010) (recognizing that parties, like the Salkovitzes, who are held strictly liable under a statute, like the NJ WARN Act, may seek implied indemnification from a third-party defendant alleged to be liable for the injury for which the third-party plaintiff was sued).

12. Because the Salkovitzes allege in the proposed Amended Third-Party Complaint that they did not cause the harm claimed by Vorel and the putative class, but that they are being subjected to vicarious statutory tort liability, imposed by NJ WARN, to answer for the harm caused by the wrongful conduct of Third-Party Defendants, who they allege made the employment decisions that led to the claimed liability, the Salkovitzes are entitled to indemnification and the amendment is not futile.

13. Indeed, presuming the allegations to be true, as the Court must in the context of a motion to dismiss, the proposed Amended Third-Party Complaint is not susceptible to dismissal.

**II.     There Is No Unfair Prejudice to Third-Party Defendants.**

14. The proposed amendment would not unfairly prejudice Third-Party Defendants, who did not even argue as much in their Motion to Dismiss.

15. To show unfair prejudice, the nonmoving party must demonstrate it was "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered if the amendment was timely." *In re The IT Grp.*, 361 B.R. at 421 (internal quotation

marks and citation omitted). The prejudice must be "significant" in that it is "substantial or undue." *In re Fleming Cos.*, 323 B.R. 144, 148 (Bankr. D. Del 2005) (internal citations omitted). "[I]nconvenience to a party or the strengthening of the movant's legal position does not provide sufficient prejudice." *Id*. Moreover, unfair prejudice is not established when "the facts and circumstances relating to the proposed amendments are closely intertwined with the allegations set forth in the original complaint." *Id*. at 148-49. In short, the "mere allegation of prejudice … [is]… insufficient to show prejudice." *In re Woodbridge Grp. of Cos.*, 2021 WL 5774217, at *6 (Bankr. D. Del. Dec. 6, 2021) (internal quotation marks omitted).

16.     Here, this case is in its infancy, as no discovery has occurred. This case was transferred from the District of New Jersey at the pleading stage, after which Third-Party Defendants immediately filed a pre-answer Motion to Dismiss.

17.     The proposed amendments do not deprive the Third-Party Defendants of the opportunity to develop their defenses and to present evidence. *See Invensas Corp. v. Renesas Elecs. Corp.*, 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013) (no prejudice to defendant because the "discovery period in the case [was] still ongoing, . . . no trial date [was] currently scheduled, . . . no depositions had taken place, . . . and fact discovery [had] recently been extended").

18.     Moreover, the proposed Amended Third-Party Complaint creates no undue burden on the Third-Party Defendants; the new allegations in the proposed Amended Third-Party Complaint focus on the same factual issues addressed in the Original Complaint. *In re Woodbridge*, 2021 WL 5774217, at *7 (no prejudice where defendant's "rights and defenses against the [amended] claims remain fully available").

19.     The Third-Party Defendants have been on notice since the filing of the Original Complaint of Third-Party Plaintiffs' claims. Considering the procedural posture of this case and the

9

184473880.1

substance of the amendments, the Third-Party Defendants cannot establish "significant" or "substantial" prejudice.

### III.    There Is No Undue Delay.

20.    The Salkovitzes did not act with any undue delay in filing this Motion, filing it on the date set by Order of this Court.  Even if they had delayed, the passage of time alone is an insufficient basis upon which to deny leave to amend.  *Cornell & Co.* v. *Occupational Safety & Health Rev. Comm'n.*, 573 F.2d 820, 823 (3d Cir. 1978).  Instead, the court must consider whether the delay has become "undue" such that there is "an unwarranted burden on the court" or "prejudicial" such that there is "an unfair burden on the opposing party."  *Adams*, 739 F.2d at 868.

21.    Third-Party Plaintiffs filed this Motion within the 30-day period that the Court permitted in its Order granting the Third-Party Defendants' Motion to Dismiss.  [Adv. D.I. 61].  A single month is a far cry from undue delay.  *Cf. In re The IT Grp., Inc.*, 361 B.R. at 420 ("[T]he Court does not agree that a delay of less than six months is 'undue'"); *In re Burlington Motor Carriers, Inc.*, 1999 WL 1427683, at *9 (D. Del. Dec. 30, 1999) (delay of ten months after complaint was filed did not constitute undue delay); *Coca-Cola Bottling Co. of Elizabethtown, Inc.* v. *Coca-Cola Co.*, 668 F. Supp. 906, 922 (D. Del. 1987) (delay of six and a half years after complaint was filed did not constitute undue delay); *see also Lorenz* v. *CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (undue delay where amendment was sought three years after original complaint and two years after second amended complaint, and plaintiff knew facts on which proposed amendment was based at time of original complaint).

### IV.    There Is No Bad Faith or Dilatory Motive.

22.    The Salkovitzes also did not act with any bad faith or dilatory motive.  "[I]n assessing bad faith, courts look to the reasons why a party did not seek to amend earlier."  *In re*

184473880.1

*Mortg. Lenders Network, USA, Inc.*, 395 B.R. 871, 879 (Bankr. D. Del. 2008).  Here, the Salkovitzes have amended at the earliest opportunity, in response to the directive in this Court's Order.

23.    Moreover, this Adversary Proceeding remained pending from September, 2025 until March, 2026, pending the Court's decision on the Third-Party Defendants' Motion to Dismiss.  [Adv. D.I. 23]; *see Barron v. Helbiz, Inc.*, 2021 U.S. App. LEXIS 29745, at *9 (2d Cir. Oct. 4, 2021); *Loreley Financing (Jersey) No. 3. Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 191 (2d Cir. 2015).  Once the Motion to Dismiss was decided, Third-Party Plaintiffs acted promptly to seek leave to file the proposed Amended Third-Party Complaint.

## CONCLUSION

24.    For all of the foregoing reasons, the Court should grant the Motion.  Third-Party Plaintiffs respectfully request that the Court enter the attached proposed order and grant Third-Party Plaintiffs leave to file the proposed Amended Third-Party Complaint.

Dated: April 15, 2026

**MEISTER SEELIG & SCHUSTER PLLC**

By:  /s/ *Jeffrey Schreiber*
Jeffrey Schreiber, Esq.
 (*pro hac vice*)
4 E&F Auer Court
Williamsburg Commons
East Brunswick, NJ 08816
Tel: (732) 432-0073
Email: js@mss-pllc.com

Valerie K. Ferrier, Esq.
(*pro hac vice*)
125 Park Avenue, 7th Floor
New York, NY 10017
Tel: (212) 655-3500
Email: vkf@mss-pllc.com

*Attorneys for Defendants,*
*Marc Salkovitz and Pamela Salkovitz*

11

184473880.1